NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**IN RE DYNETIX DESIGN SOLUTIONS INC.,**
*Petitioner.*

---

Miscellaneous Docket No. 128

---

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in case no. 11-CV-5973, Magistrate Judge Paul Singh Grewal.

---

**ON PETITION**

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

LOURIE, *Circuit Judge.*

## O R D E R

Dynetix Design Solutions Inc. petitions for a writ of mandamus to direct the United States District Court for the Northern District of California to vacate its order adopting the court's model protective order and to instead enter the protective order proposed by Dynetix.

This petition arises from cross-motions for entry of protective orders before the district court. The asserted patent, U.S. Patent No. 6,466,898, relates to a design simulation tool, Verilog Compiler Simulation ("VCS"), used to test and debug complex integrated circuits. Dynetix sought discovery of defendant Synopsys, Inc.'s VCS source code for the accused instrumentalities. Synopsys agreed to produce the source code, but only if the parties would stipulate to the Model Protective Order used in the Northern District of California, which, *inter alia*, makes produced source code available for inspection only at the office of the producing party's counsel during business hours, unless the parties otherwise agree, and prohibits the receiving party from transferring the source code onto a recordable device. Paper copies of limited portions of the source code may be requested as needed for preparation of court filings, expert reports, etc., but not for the purpose of reviewing the source code. Dynetix objected that the Model Protective Order's source code restrictions were too burdensome, and proposed alternate provisions to safeguard against inadvertent disclosure. The district court granted Synopsys' motion for entry of the Model Protective Order and denied Dynetix's cross-motion for entry of its modified protective order.

Mandamus requires the petitioner to establish: (1) there are no alternative means of obtaining the relief desired, *Mallard v. U.S. District Court*, 490 U.S. 296, 309 (1989), and (2) the right to the relief sought is "clear and undisputable," *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). Mandamus is an "extraordinary remedy," justifiable only in "exceptional circumstances, amounting to a judicial usurpation of power . . . ." *Id.*

Dynetix's petition fails to meet this high standard. The district court found Dynetix's concerns about lack of sufficient access to Synopsys' source code under the Model

Protective Order to be "merely speculative," and noted that Dynetix could seek relief from the court if its fears came to pass. Likewise, Dynetix's work-product concern regarding possible inappropriate monitoring of searches by opposing counsel was "unfounded" according to the district court, because such behavior is prohibited by the Model Protective Order, and violations would subject opposing counsel to sanctions. The district court thus made it clear that Dynetix could seek the court's assistance if the source code provisions of the Model Protective Order were unworkable. Accordingly, Dynetix has alternative means to obtain relief.

Dynetix has not established that it has a "clear and indisputable" right to relief from the district court's decision to use the Model Protective Order. The district court's Patent Local Rules provide that "[t]he Protective Order authorized by the Northern District of California shall govern discovery unless the Court enters a different protective order," N.D. Cal. Pat. L.R. 2-2. We note that neither party disputed that some protective order was appropriate to protect the source code in this case.

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied.

FOR THE COURT

AUG 0 2 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

AUG 0 2 2012

JAN HORBALY
CLERK

cc:  Jing James Li, Esq.
     Christopher R. Ottenweller, Esq.

s23